# Kauffman, Appellant, *v.* Public Service Commission.

*Public Service Company Law—Water companies—Flat rates—Reasonableness.*

A charge for flushing a toilet is properly made, under the scheduled rates of a water company, even although the water for such purposes is carried from the waste pipe of a kitchen sink.

The company's tariff providing for flat rates and based on facilities and fixtures, rather than the amount of water consumed it was proper to charge for the service rendered. Upon the refusal to pay the scheduled rate the water company was justified in shutting off the water.

Under such circumstances, an order of The Public Service Commission, refusing to direct the company to restore service, will be affirmed.

Argued March 15, 1923. Appeal, No. 9, March T., 1923, by complainant, from order of The Public Service Commission of the Commonwealth of Pennsylvania dismissing complaint in the case of Samuel R. Kauffman v. York Water Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal dismissed.

Complaint against a water company for certain charges made, and for shutting off water upon refusal to pay the same.

The facts are stated in the opinion of the Superior Court.

The commission dismissed the complaint. Complainant appealed.

*Error assigned* was the order of the commission.

*James G. Glessner,* for appellant.

*Robert E. Cochran,* and with him *George Hay Kain,* for intervening appellee.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY GAWTHROP, J., April 16, 1923:

The controlling facts in this case are not disputed. The appellant, complainant before the Public Service Commission, owns a house in the City of York. He used water supplied by the York Water Company. He had one faucet in his kitchen. The waste pipe from the kitchen sink was connected with a toilet at the rear of the house, so that the flow of water from the sink would flush the toilet whenever water was flowing in the sink. From July 1, 1910, to December 31, 1920, he paid annual water rates as follows: Family use, one faucet $5; flush

toilet, $4; water for one horse $0.50. These charges are according to the tariff schedule of the company duly filed. When appellant received his bill for the quarter ending March 31, 1921, he tendered payment for the faucet for family use and for water for the horse, but refused to pay for the flushing of the toilet, on the ground that the charge for that service was covered and included in the rate imposed and collected for household consumption from the spigot at the kitchen sink. The company refused to accept a payment of a portion of the bill and, upon appellant's continued refusal to tender payment in full, the water was shut off on or about April 9, 1921. The commission was asked to make an order directing the company to restore the service and to make reparation in the amount of excess payments alleged to have been made by appellant. From an order dismissing the complaint comes this appeal.

The question raised is whether a rate can be imposed under the company's tariff for using the water which flowed from the kitchen sink for the purpose of flushing a toilet constructed like the one on the premises. Manifestly, such an arrangement does not and cannot result in the use of waste water only for flushing the toilet. There was no devise or method used—nor do we see how there could be—to prevent the turning on of the water for flushing purposes. The claim that waste water only is used cannot be sustained. It is impossible to examine the company's schedule of rates which contain a rate for a faucet for family use and a rate for a flush toilet, and fail to conclude that the method appellant has adopted for flushing his toilet is not a use of water fairly comprehended by the charge of $5 a year for a faucet for family use. Especially is this clear in view of the separate charge made for a flush toilet. This is not the case of making a double charge for the same water, but an effort to secure water for a flushing toilet without paying the rate fixed in the company's tariff schedule. Flat rates—and they prevail in the City of York—are

based upon facilities and fixtures rather than the amount of water consumed. Appellant should have paid for the service for which he was charged, as he did for ten years. The commission suggested that appellant may obtain relief by having a meter installed and paying only for the water actually furnished and used. His learned counsel states that the Public Service Commission has denied the people of York this privilege. We assume that counsel refers to Complaint No. 437, before the Public Service Commission, praying for an order requiring the installation of metered service for the complainant therein and all others similarly situated. The commission found in that case that the evidence did not sustain the charge that the flat rate was unjust and unreasonable for the unlimited service enjoyed by consumers. It did not decide that in a case where it was made to appear that the flat rate operated so as to be unreasonable and unjust, it would refuse an order directing installation of a meter. We find no merit in any of the assignments of error.

The appeal is dismissed.